MARGARET GARTIN *v.* JAMES H. LUCKER, SR'S. AD.

January 3, 1872.

**Trial—Duties of the Court—Jury.**

> Sec. 34 of the Civil Code makes the jury the triers of questions of fact, but it does not take away from the Judge the right to determine whether or not any fact conducing to establish the cause of action, or the grounds of defense, has been proved. This should be determined by his instructions.

**Bills and Notes—Charge of fraud—Not sustained by facts.**

APPEAL FROM MARION CIRCUIT COURT.

December 8, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The only issue raised by the pleadings in this case is, that the note sued on was procured by deceit, fraud and covin.

The onus was upon the appellant. She utterly failed to establish a state of case exciting even a suspicion of fraud on the part of Dr. Lucker. She showed that near six hundred and thirty dollars of the consideration for the note had actually been paid for her benefit by Dr. Lucker, and she bases her allegation of

fraud upon the ground that she failed to show what the balance of the consideration was.

The witness to the note did not see it drawn, nor was he present when the settlement or calculation was made. The son of Mrs. Gartin, one of the signors on the note, who could both read and write, was present when the calculation was made and the note written and yet he with a full knowledge of all the facts signed it without hesitation.

Fraud is not to be presumed. The balance of the consideration for the note not only might have existed without the witness, Wray, knowing anything about what it was, but in fact he states that Lucker had, before the note was executed, had wood hauled to the appellant. Section 34, of the Civil Code, makes the jury the triers of questions of fact, but it does not take away from the judge the right to determine whether or not any fact conducing to establish the cause of action, or the ground of defense has been proved. This question he must determine when he is called upon to instruct the jury. His instructions must be based upon evidence.

Appellant having proved no evidence conducing to sustain her defense, he properly refused all instructions she asked, and properly instructed the jury to find for appellee.

Judgment affirmed.

The testimony of the deputy sheriff and his receipt to Lucker show that the execution to Mattingly was paid off on the 7th of October, 1867. The note of appellants to Lucker was given on the same day. His statement to Mrs. Gartin that he had satisfied such execution was therefore true. The money was not paid by the sheriff to Mattingly till the 10th of the same month. If Lucker then took an assignment of the judgment, and afterwards attempted to collect it from Mrs. Gartin, it was a violation of his contract with her. She does not rely on this violation of the contract, as a defense to the suit on the note, and so can not be made to relate back to the execution of the same, and sustain the plea of fraud in its procurement.

Petition overruled.

*R. & F. for appellant.*
*Harrison, Russell & A, for appellee.*